UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

MARTIN STONER,
                     Plaintiff,

     -against-

YOUNG CONCERT ARTISTS, INC.,
                    Defendant.

_____

## NATURE OF COMPLAINT

1.     This is a proceeding for injunctive, declarative, and monetary relief to preserve

the rights secured to plaintiff by the Age Discrimination Act of 1975, as amended,

and pursuant to the Court's supplemental jurisdiction for violations of the New York

State Human Rights Law, paragraph 290 *et. seq.*, and the New York City Human Rights

Law, New York City Administrative Code paragraph 8-01 *et. seq.*

2.     Plaintiff, Martin Stoner, is a 60 year old, classically-trained violinist, and a graduate

of both Stanford University and the Juilliard School who claims that he has been

discriminated against on the basis of age by Young Concert Artists (YCA), a not-for-profit

organization headquartered in New York City that receives federal funds. For more than 50

years YCA has employed illegal age restrictions for its violin auditions. Additionally, YCA

permitted its Director, Susan Wadsworth, to act as chief judge at Stoner's YCA audition

when she was clearly aware of plaintiff's past complaints of age discrimination. Moreover,

YCA also permitted another senior administrative employee, Rong-Hong Ma, to

act as a judge at Stoner's audition. These were the same two judges who clearly wrote

plaintiff's age of "60" at the top of their written audition evaluation sheets, showing

that age was indeed a factor in plaintiff's not being selected to advance to the next round.

1

Finally, because YCA's discriminatory policies were clearly set forth in writing, YCA is guilty of willful discrimination and this Court must use its inherent powers to remedy the long-standing effects of past discrimination and provide adequate relief to this plaintiff.

### JURISDICTION

3.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. 1331 and 1334(4), conferring original jurisdiction upon this court of any civil action to recover damages or seek equitable relief under any Act of Congress providing for the protection of civil rights. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. 1367 on the grounds that the alleged acts challenged herein are also in violation of the laws of the State and the City of New York.

### ADMINISTRATIVE PROCEEDINGS

4.     On or about June 1, 2010, plaintiff filed a timely charge of age discrimination with the Civil Rights Office of the National Endowment for the Arts.  More than 180 days have elapsed since plaintiff filed his complaint with the NEA.  Thus, plaintiff has exhausted his administrative remedies prior to filing the instant complaint.

5.     On or about December 16, 2010, pursuant to 42 U.S.C. Sections 6104(e)(1), plaintiff sent timely notice by registered mail to the Secretary of Health and Human Services, the Attorney General of the United States, and the defendant stating the nature of the alleged violation, the relief to be requested, the court in which the action will commence, along with a request for attorney fees and costs to plaintiff if he should prevail. A copy of that letter is attached as Exhibit A.

6.     Plaintiff contends that he has fully complied with all jurisdictional prerequisites to the filing of this complaint.

PARTIES

7.    Plaintiff, Martin Stoner is a citizen of the United States residing in the County of New York at 900 West End Avenue, New York, New York 10025. Tel.: (212) 866-5447. Defendant, Young Concert Artists, Inc., is a not-for-profit organization whose address is: 250 West 57th Street, Suite 1222, New York New York, 10107. Tel. (212) 307-6655.

STATEMENT OF CLAIM

8.    On or about May 5, 2010 plaintiff applied by mail to participate in the 2010 International Auditions of Young Concert Artists.  Because plaintiff did not meet the YCA age requirement that he must be under the age of 26 to participate, plaintiff asked YCA to notify him in writing to confirm that they would change their age requirement and permit him to participate. Plaintiff never received any response from YCA to his letter. A copy of that letter is attached as Exhibit B.

9.    On or about May 20, 2010 plaintiff again wrote to YCA via certified mail asking YCA to confirm in writing that they would investigate plaintiff's allegations of age discrimination in their programs, do away with all age requirements, and permit plaintiff to participate fully and fairly in their upcoming auditions. A copy of plaintiff's May 20, 2010 letter to YCA is attached as Exhibit C.

10.    In his letter of May 20, 2010, plaintiff also insisted that YCA take steps to insure that plaintiff's audition would be fair and non-discriminatory such as having a neutral monitor to ensure compliance with non-discriminatory policies, and finding an impartial jury of musicians to judge Stoner. These musicians were to be completely unaware of plaintiff's past complaints of discrimination, and also to be able to give a fair and unbiased audition by holding Stoner's first round audition behind a screen to insure anonymity.

Plaintiff, further contends that had YCA employed audition screens for Stoner's audition to ensure anonymity as well as a panel of expert musicians with no ties past or present to YCA, that this would have made for a fairer audition for a 60-year-old plaintiff. Moreover, plaintiff contends that, had he been judged anonymously by an independent panel of distinguished musicians, he would have been selected to move on to both the semifinal and final rounds. Plaintiff therefore asserts that YCA failed and refused to take any reasonable steps to insure that his audition was fair and non-discriminatory after plaintiff repeatedly requested such affirmative action in writing.

11.     Having received no response from YCA, on or about June 1, 2010, plaintiff filed a complaint of age discrimination against YCA with the Office of Civil Rights at the National Endowment of the Arts. A copy of that letter is attached as Exhibit D.

12.     In August 2010 plaintiff was contacted by YCA and told that he would be permitted to audition. However, YCA made no mention of taking any affirmative steps to remedy any past discriminatory policies.

13.     Plaintiff further asserts a related claim that YCA then retaliated against plaintiff for his complaints of discrimination by failing to advance him into the semi-final round.

14.     On or about September 29, 2010 plaintiff auditioned at Merkin Hall in New York City for the preliminary round of the 2010 YCA International Auditions.

15.     Upon information and belief, plaintiff was the only person over the age of 26 who was permitted to audition for YCA's 2010 International Violin Competition in New York.

16.     During Stoner's audition, two members of the audition jury, Susan Wadsworth, the head of YCA, and Rong Hong Ma, a YCA employee, wrote at the top of their audition review cards the number sixty "60", referring to plaintiff's current age.

4

17.     By letter dated October 5, 2010, plaintiff was informed by Susan Wadsworth, the Founder and Director of YCA, that he was not advanced into the next round of the competition, i.e., the semi-finals.

18.     After that YCA audition in October 2010, plaintiff had a conversation with Gregory Singer, the owner of Gregory Singer Fine Violins in New York and a well-known musical figure here in New York . Mr. Singer told plaintiff that he had been a judge at past auditions for Young Concert Artists in New York and that based upon his experience there as a judge, he far and above preferred Stoner's artistry to any of the other violinists whom he had heard there previously.

19.     Mr. Singer also told Stoner that his May 2010 performance of the Tchaikovsky Violin Concerto at Merkin Hall which Mr. Singer had attended was "outstanding" and that Stoner brought a level of skill and finesse to his performances that none of the YCA violinists that Mr. Singer had heard perform had ever attained.

20.     After Stoner's audition at YCA, he had a conversation with his long-time violin teacher and mentor, David  Nadien a former Concertmaster of the New York Philharmonic under Leonard Bernstein. It was David Nadien who had taught Stoner the Tchaikovsky Violin Concerto which Stoner then played at his YCA audition. Upon information and belief, Nadien, himself, had performed the very same Tchaikovsky Violin Concerto with Leonard Bernstein and the New York Philharmonic at Avery Fisher Hall, and so was a violinist of eminent stature.

21.     It was also David Nadien who provided Stoner with a letter of recommendation for Young Concert Artists as required by YCA before Stoner could be invited to audition.

22.    David Nadien further told Stoner that prior to his YCA audition, Nadien had received a phone call from Susan Wadsworth, YCA's Director,  who believed that Nadien's letter of recommendation for Stoner was a forgery and that, therefore, Stoner was ineligible to compete in the upcoming YCA auditions. Mr. Nadien then assured Ms. Wadsworth that indeed he had signed plaintiff's letter of recommendation and that it was "fine" for Stoner to participate in the upcoming YCA auditions. Mr. Nadien later told Stoner that, in his opinion, Ms. Wadsworth's forgery claim was just a pretext for YCA to "try to get rid of you". Plaintiff therefore contends that when Ms. Wadsworth wasn't able to get rid of plaintiff as an applicant, she used her power, influence, and position as the head of YCA to get rid of plaintiff during the auditions by failing to advance plaintiff into the next round of the competition. This was retaliation, then, by Ms. Wadsworth, for plaintiff's complaints of age discrimination against YCA to the National Endowment for the Arts which were detrimental to YCA and its image in the arts community.

23.    Upon information and belief, no one over the age of 26 has ever auditioned or been selected as a semi finalist, finalist or winner of the YCA International Violin Auditions in the last 50 years of auditions at YCA. Thus, YCA has a proven history of past discrimination.

24.    Plaintiff therefore contends that because YCA never changed its discriminatory policies after plaintiff complained about them, that YCA's reasons for not advancing plaintiff to the semi-final round of auditions were simply pretextural.

25.    By email to plaintiff dated October 20, 2010, Susan Wadsworth wrote to plaintiff, "If you wish to sue us on the basis of 50 years of Young Concert Artists not hearing older artists, that is a completely different issue…".

26.     YCA 2010 Auditions brochures and other material designed and circulated by Young Concert Artists both on the web and in print specifically states that all applicants for auditions must be under the age of 26. On its website YCA also repeatedly stresses the importance of employing "young" concert artists, again referencing age distinctions. Defendant, therefore, has willfully and deliberately violated this provision § 8-107 "Unlawful discriminatory practices", (1)(d) under the New York City Human Rights law and also violated paragraph 296 of the New York State Human Rights law (also known as N.Y. Executive Law, Article 15, Human Rights Law).

27.     Plaintiff continues to suffer discrimination from YCA because he has not been allowed to compete fully, fairly, and freely in the semi-final and final rounds of the YCA competition. Plaintiff further contends that his failure to be promoted to the semi-finals was also done in retaliation for his complaints of age discrimination.

28.     Finally, Plaintiff contends that YCA is an employment agency pursuant to New York City HRL § 8-102 *et seq* and §296 of the New York State Human Rights law.

29.     As stated by Susan Wadsworth in an article that appeared in the Los Angeles Times on October 24, 2010: "I realized that presenting this series wasn't really doing enough, so somehow, I don't know how I did it, I started booking concerts for these artists. This combination of presentation and management is the basis of the model that YCA uses today …The organization is now in a position to dictate who the next bright young things will be rather than having to persuade concert presenters and donors to give their artists a chance [at employment]."

30.     Plaintiff is now suffering and will continue to suffer irreparable injury, monetary damages, and loss of equal opportunity as a result of defendant's discriminatory practices

unless and until this Court grants relief.

31.    Despite Plaintiff's repeated complaints of Age Discrimination to the National Endowment of Arts in 2010, YCA continues to employ age limits that discriminate against older musicians for their 2011 Young Concert Artists International Violin Auditions to be held in New York City in October–November 2011.

### FIRST CAUSE OF ACTION

27.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as if set forth herein.

28.    Defendant has discriminated against plaintiff by excluding him from participation in the YCA program and by denying him benefits in violation of federal laws including the Age Discrimination Act of 1975, as amended.

29.    Additionally, defendant has retaliated against plaintiff for his complaints in violation of those same federal statutes cited above.

30.    As a result of defendant's discriminatory acts, policies, and practices, plaintiff is now suffering and will continue to suffer irreparable injury, monetary damages, and loss of equal opportunity as a result of defendant's discriminatory practices unless and until this Court grants relief.

### SECOND CAUSE OF ACTION

31.    Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as if set forth herein.

32.    The above acts and practices of defendants constitute unlawful discriminatory practices within the meaning of paragraph 290 *et. seq.* of the New York State Human Rights law and further violate New York State practices that forbid organizations that

8

receive New York State grants and funds from discrimination both in terms of who is allowed to participate in their programs and who benefits from them.

33. As a result of defendant's discriminatory acts, policies, and practices, plaintiff is now suffering and will continue to suffer irreparable injury, monetary damages, and loss of equal opportunity unless and until this Court grants relief.

## THIRD CAUSE OF ACTION

34.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 31 of this complaint with the same force and effect as if set forth herein.

35.     The above acts and practices of defendants constitute unlawful discriminatory practices within the meaning of paragraph 8-01 *et. seq.* of the New York City Administrative Code and further violate New York City practices that forbid organizations that receive New York City grants and funds from discrimination both in terms of who is allowed to participate in their programs and who benefits from them.

36.     As a result of defendant's discriminatory acts, policies, and practices, plaintiff is now suffering and will continue to suffer irreparable injury, monetary damages, and loss of equal opportunity unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment in his favor and against Young Concert Artists, Inc., and to accord Mr. Stoner the following relief:

a.     Declaring that the acts and practices complained of herein are in violation of the Age Discrimination Act of 1975, as amended, paragraph 290 *et. seq.* of the New York Human Rights law, and paragraph 8-01 *et. seq.* of the New York City Administrative Code;

b.    Enjoining and permanently restraining these violations;

c.    Awarding plaintiff both compensatory and punitive damages for willful violations

d.    Awarding plaintiff back pay for lost work

e.    Awarding plaintiff the costs of this action including but not limited to reasonable

      attorney's fees, expert witness fees, costs of deposition taking, and court costs;

f.    Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       October 17, 2011

                                        _____
                                        MARTIN STONER, PRO SE
                                        900 West End Avenue
                                        New York, New York 10025
                                        (212) 866-5447

*Exhibit A*

MARTIN STONER
900 West End Avenue
New York, New York 10205
(212) 866-5447

***VIA REGISTERED MAIL***

December 16, 2010

Kathleen Sebelius, Secretary
U.S. Department of health and Human Services
200 Independence Ave. S.W.
Washington D.C. 20201

Dear Ms. Sebelius,

I am writing to notify you, pursuant to 42 U.S.C. Sections 6104(e), that I wish to permanently enjoin a violation of this Act by Young Concert Artists, 250 West 57th Street, New York, New York 1010Tel. (212) 307-6655, a program or activity that receives Federal financial assistance from the National Endowment for the Arts. This is a proceeding for injunctive, declarative, and monetary relief to preserve the rights secured to the plaintiff by the Age Discrimination Act of 1975, as amended, the Equal Protection Clause of the Fourteenth Amendment, the New York State Human Rights Law, paragraph 290 *et. seq.*, and the New York City Human Rights Law, New York City Administrative Code paragraph 8-01 *et. seq.* The venue is the Southern District of New York.

Specifically, the plaintiff, Martin Stoner, is a 60 year old, classically trained violinist, who is a graduate of both Stanford University and the Juilliard School, who claims that he has been discriminated against on the basis of age by Young Concert Artists (YCA), a not for profit organization which for 50 years has set policies that contain age restrictions and generally limit participation in its programs to musicians under the age of approximately 30 years old. YCA's written policies create a disparate impact which preclude the participation of older Americans such as this plaintiff and also fails to provide them any benefits in violation of federal, state, and local laws cited above.

Plaintiff, Martin Stoner further alleges that he was discriminated against on the basis of age in the taking of an entrance examination or audition on or about September 29, 2010 when 2 YCA staffers wrote on top of Stoner's test result sheet,"age 60". The program or activity that Stoner applied for has a 50 year old written policy of not accepting applications or permitting the participation in its programs of individuals who are over the age of 26.

The pertinent code that relates to this case is Title 45 §90.12:

> (b) *Specific rules:* A recipient may not, in any program or activity receiving Federal financial assistance, directly or through contractual, licensing, or other arrangements use age distinctions or take any other actions which

have the effect, on the basis of age, of: (1) Excluding individuals from, denying them the benefits of, or subjecting them to discrimination under, a program or activity receiving Federal financial assistance, or (2) Denying or limiting individuals in their opportunity to participate in any program or activity receiving Federal financial assistance. (c) The specific forms of age discrimination listed in paragraph (b) of this section do not necessarily constitute a complete list.

Plaintiff asserts that his audition test was itself discriminatory since the defendant failed to heed any of plaintiff's warnings in his letters of May 2010 to make the audition test fair and unbiased. YCA failed to conduct its preliminary round of auditions using screens to insure anonymity, failed and refused to employ a neutral monitor to insure compliance with a formal anti-discrimination, policy, and actively prevented conflicts of interest from members of the audition jury such as Susan Wadsworth, Rong Hong Ma , and Mr. Sherry, who are either current employees of YCA or closely connected to YCA. Moreover, YCA failed and refused to employ a completely independent panel of expert musicians with no ties past or present to YCA who were also not aware of plaintiff's past complaints of discrimination. YCA then retaliated against plaintiff for his complaints of discrimination by failing to advance him into the next round of auditions Since in the last 50 years of auditions at YCA, no one over the age of 40 has ever been as a semi finalist, finalist or winner of the YCA Auditions, YCA has a proven history of past discrimination

Plaintiff has exhausted his administrative remedies by filing a complaint with the OCR of the NEA on or about June 2, 2010. Plaintiff seeks the following relief:

a.      Declaring that the acts and practices complained of herein are in violation of the Age Discrimination Act of 1975, as amended, the Equal Protection Clause of the Fourteenth Amendment, paragraph 290 *et. seq.* of the New York Human Rights law, and paragraph 8-01 *et. seq.* of the New York City Administrative Code;
b.      Enjoining and permanently restraining these violations;
c.      Awarding plaintiff both compensatory and punitive damages as permitted under applicable law
d.      Awarding plaintiff the costs of this action including but not limited to reasonable attorney's feess, expert witness fees, and the costs of all depositions and proceedings.
e. backpay for lost work as a consequence of not being selected as a winner of the 2010 YCA auditions.
f.      Granting such other and further relief as this Court deems necessary and proper.

Thank you very much for your consideration.

Sincerely,

Martin Stoner

Martin Stoner

cc.      Susan Wadsworth, Director, Young Concert Artists (via registered mail)
         Eric Holder, Attorney General of the United States

*Exhibit B*

MARTIN STONER
900 West End Avenue
New York, NY 10025
(212) 866-5447

May 5, 2010

Young Concert Artists
250 West 57th Street
New York, NY 10107

RE: 2010 Auditions

To whom it may concern:

Attached please find my completed application for the 2010 Young Concert Artists auditions, including a repertoire list, 2 letters of recommendation and $50 fee by credit card. I further write to request that I be allowed to compete in your audition process even though I do not meet the age requirements as specified in your application brochure.

As a matter of fact, I turned 60 years old on December 19, 2010. Not having studying music seriously until I got to college, I have honed my skills over the ensuing years while supporting myself as a freelance violinist. I believe that I am deserving of sponsorship and management from Young Concert Artists and that age should play no role in your decision-making process.

The Age Discrimination Act of 1975 prohibits discrimination on the basis of age in programs and activities receiving federal financial assistance (your application brochure specifically states that "instrumentalists must be between the age of 16-26" to be eligible to apply).

Should you refuse to permit me to apply and audition, and to take all necessary measures and safeguards to permit me to get fair and unbiased consideration, I shall file a complaint against Young Concert Artists with the Office of Civil Rights at the National Endowment for the Arts and to seek further legal remedies as provided for by applicable federal, state, and local law.

Thank you very much for your consideration.

Sincerely,

Martin Stoner

Martin Stoner

*Exhibit C*

**MARTIN STONER**
900 West End Avenue
New York, NY 10025
(212) 866-5447

*VIA  CERTIFIED MAIL*

May 20, 2010

Young Concert Artists
250 West 57th Street
New York, NY 10107

RE: Age Discrimination

To whom it may concern:

As you well know, it is unlawful to discriminate on the basis of age in the United States. Yet, by imposing mandatory age requirements for your annual auditions, Young Concert Artists discriminates against American artists over the age of 40 in violation of the Age Discrimination Act of 1975, which prohibits age discrimination in programs and activities which receive federal financial assistance (such as yours).

It is finally time for you to do away with any age limits that prevent older American artists such as myself from applying and receiving the benefits of your program. As I wrote to you on May 5, 2010, you have until June 1, 2010 to put into writing your agreement and acknowledgement that you are now and forever in the future doing away with all age requirements and changing any age-related internal bias that would hinder my full, fair, and lawful participation in your upcoming 2010 live international auditions in New York,

If, by June 1, 2010, I fail to receive written assurances from you that I may apply for your 2010 International Auditions, including the live New York auditions in September/October 2010, and that you promise to take all necessary measures and safeguards to permit me to get a fair hearing and unbiased consideration, I shall file a complaint against you with the Office of Civil Rights at the National Endowment for the Arts and seek such other and further legal remedy as provided for by applicable federal, state, and local law.

Thank you very much for your consideration.

Sincerely,

Martin Stoner

*Exhibit D*

MARTIN STONER
900 West End Avenue
New York, NY 10025
(212) 866-5447

**VIA OVERNIGHT MAIL**

June 1, 2010

Angelia C. Richardson, Director
Civil Rights Office
National Endowment for the Arts
1100 Pennsylvania Avenue NW, Room 219
Washington DC 20506

　　　　　　　　　　RE:　Young Concert Artists
　　　　　　　　　　　　 250 West 57th Street
　　　　　　　　　　　　 New York, New York 10107

Dear Ms. Richardson,

I write to complain about Young Concert Artists (YCA), a New York City-based not-for-profit classical music organization which receives direct support from both the National Endowment for the Arts and the New York State Council on the Arts to discover "emerging" musical artists and assist them with their career development. I contend that Young Concert Artists has failed and refused to comply with applicable civil rights laws required for all recipients of Endowment funds.

By certified return receipt letters dated May 5, 2010 and May 20, 2010, I wrote to Young Concert Artists requesting that they confirm by June 1, 2010 that I am eligible based upon my considerable age to be considered for their free career support as an emerging concert violinist and soloist. I also asked YCA to do away with all age requirements in violation of the Age Discrimination Act of 1975 and the Civil Rights Act of 2006 and to change immediately any age-related statements on their website and written materials. To date, YCA has failed and refused to do so. Additionally, in applying to audition, I asked YCA by letter to create a written policy that would assure older applicants of a fair and impartial hearing and equal consideration. To date, they have failed and refused to do so. Moreover, I requested that YCA investigate my complaints of age discrimination. This, they have also not done.  Finally, I allege that Young Concert Artists does not maintain adequate internal procedures for resolving complaints of

Angelia Richardson
June 1, 2010
Page 2

discrimination as required by all NEA grant recipients and therefore is unable to promptly and adequately respond or investigate my complaint of age discrimination.

As an in initial matter, both Young Concert Artists' web site and its program application materials clearly state that instrumental applicants for auditions must be "between the ages of 16 and 26" (I am currently 60 years of age). That policy is discriminatory since it discriminates against emerging artists who are over the age of 40 such as myself.

The Age Discrimination Act of 1975, as amended (42 USC §§6101 et seq.), provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." Additionally, the Civil Rights Act of 2004, amends the Age Discrimination Act of 1975 in several important ways: 1.) It prohibits practices having an unjustified discriminatory effect, 2). it prohibits retaliation against individuals who oppose practices prohibited by the act, and 3), it expands the right of recovery to include compensatory and punitive damages, as well as costs and attorney's fees including expert fees.

Young Concert Artists has therefore violated the Civil Rights Act of 2004 because its current policies have a discriminatory effect. In fact, it is incontrovertible that every one of Young Concert Artists' current roster of artists as listed on its website are well under the age of 40. There is no reason why someone over 40 cannot do the same job as a solo artist or musician as someone under 40. Toscanni, Bernstein, Casals, Menuhin, and Heifetz all performed well into their 70's. There is no legal justification to exclude an artist over the age of 40 based solely upon age.

Additionally, Young Concert Artists has failed and refused to change the age requirements for participation posted on its website and on its written applications which have the effect of discouraging older applicants from applying. The remedy that I seek is for Young Concert Artists to adopt new and affirmative policies to encourage and allow "undiscovered" or "emerging" artists over the age of 40 such as myself to participate and receive the benefits of their federally funded program.

16

Angelia Richardson
June 1, 2010
Page 3

Additionally, I seek as a remedy the very career development and management services that only seasoned artists representatives firms such as Young Concert Artists can deliver. Since Young Concert Artists stipulates on their audition application materials that the value of winning their career development and support is worth $75,000, I want Young Concert Artists to pay on my behalf to a mutually agreeable licensed artists representative firm the sum of $75,000 for my career development and support if they won't permit me to apply, audition, and receive fair and equal consideration. Moreover, I respectfully request that Young Concert Artists pay all my attorneys' fees and court costs and disbursements.  And because Young Concert Artists has engaged in willful discrimination, I request punitive damages in the amount of two million dollars.  Finally, Young Concert Artists must take steps to raise the public's awareness of age discrimination in the greater New York City area and in the field of classical music to educate the public and the media to consider the value of older and more experienced musical artists.

If, after reading this entire instant complaint, YCA finally backs down and permits me to audition, then I further request that they hire at their own expense a mutually-agreeable neutral monitor to participate at all application and decision-making processes to ensure that there is no bias in the audition/application process.


Thank you very much for your consideration.

Sincerely,

Martin Stoner

Martin Stoner

Cc. Danny Simmons, Interim Chair, New York State Council on the Arts, 175 Varick Street, New York, NY 10014